DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KURT L. HUDSON,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION**, as trustee for J.P. Mortgage Acquisition Trust 2006-WF1; **EMILIO VALLS, TERESITA VALLS, UNITED STATES OF AMERICA, ACROPOLIS PROPERTY MAINTENANCE, INC., McCORMICK POWER, INC., HUGINS CONSTRUCTION CORP., AK CONSTRUCTION & REMODELING, INC, GLO TEL, INC.**, and **HILLSBORO LEBARON CONDOMINIUM APARTMENTS, INC.,**
Appellees.

No. 4D17-1177

[April 11, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case No. 2015CA019042 (11).

Kurt L. Hudson, Chicago, IL, pro se.

Michele L. Stocker of Greenberg Traurig, P.A., Fort Lauderdale, and M. Hope Keating and Karusha Y. Sharpe of Greenberg Traurig, P.A., Tallahassee, for Appellee U.S. Bank National Association.

PER CURIAM.

This is an appeal of a final judgment of mortgage foreclosure. While appellant was the original mortgagor, appellant lost the property in a foreclosure action by his condominium association for unpaid condominium assessments. He was joined in the appellee bank's foreclosure complaint because he was the maker of the note. The only relief the bank sought was foreclosure of the mortgage and a deficiency if the proceeds of sale were insufficient to cover the mortgage. Only the request for deficiency constituted a request for relief against appellant, as appellant's interest in the property had already been foreclosed. The appellant raised several affirmative defenses, but we conclude that they did not establish meritorious defenses to the foreclosure after he was no

longer the owner of the property. Appellant did allege that Wells Fargo collected fraudulent monthly inspection fees and late charges, which he paid, but which violated the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C., section 1961, and related state laws. If his defense is meritorious, it is a claim which is personal to him which he can assert as a set-off against any claim for a deficiency judgment.

For these reasons we affirm the final judgment of foreclosure.

WARNER, CIKLIN and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2